# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENISE TUMELE,

        Plaintiff,                      Case Number: 05-73004

v.                                     HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEPARTMENT OF
CORRECTIONS, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Plaintiff Denise Tumele, a state inmate currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, in the United States District Court for the Western District of Michigan. That district court issued an Order of Partial Dismissal and Transfer, dismissing defendant Michigan Department of Correctoins and transferring the case to this Court. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The complaint shall be dismissed without prejudice because Plaintiff fails to establish exhaustion of her administrative remedies as required by 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ("PLRA"), Pub.L.No. 104-34, 110 Stat. 1321 (1996), 42 U.S.C. § 1997e, requires a prisoner to exhaust her administrative remedies prior to filing an action regarding prison conditions pursuant to 42 U.S.C. § 1983. Section 1997e states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Sixth Circuit has held that, to comply with the requirements of § 1997e(a), a prisoner must:

> [P]lead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

In Plaintiff's complaint, she states that she filed a Step I grievance regarding the matters raised in her complaint, but did not file Step II and III grievances.  Additional steps in the grievance system are available to Plaintiff.  *See* Michigan Department of Corrections Policy Directive 03.02.130.  She has therefore failed to exhaust her administrative remedies.

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated:  September 2, 2005

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 2, 2005.

s/Carol A. Pinegar
Deputy Clerk